IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARCUS MUNOZ, Individually and on behalf of All Others Similarly Situated**　　　　**PLAINTIFF**

vs.　　　　No. 5:19-cv-1251

**IRONCLAD ENERGY, LLC, JAMES C. DONNAN and STEVEN CLOY GANTT**　　　　**DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Marcus Munoz, individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Ironclad Energy, LLC, James C. Donnan and Steven Cloy Gantt ("Defendants"), and in support thereof he does hereby state and allege as follows:

### I.　　PRELIMINARY STATEMENTS

1.　This is a collective action brought by Marcus Munoz ("Plaintiff"), both individually and on behalf of all other salaried Pumpdown Supervisors employed by Defendants at any time within the three-year period preceding filing of this Complaint.

2.　Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other salaried Pumpdown Supervisors lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Plaintiff and the members of the proposed class were misclassified by Defendants as salary/exempt.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II.  JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff is a resident and citizen of Starr County.

9. Plaintiff worked for Defendants as a Pumpdown Supervisor from approximately January of 2019 through July of 2019.

10. Plaintiff worked for Defendants at jobsites in multiple locations including a yard in Kennedy, and other locations in south and west Texas, New Mexico, and Louisiana.

11. Within the relevant time period, Plaintiff was classified by Defendants as exempt from overtime wages and paid a salary and bonuses.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Defendant Ironclad Energy, LLC ("Defendant Ironclad"), is a Texas limited liability company.

14. Defendant Ironclad's principal office is located at 1010 Southview Circle, Center, Texas 75935.

15. Defendant Ironclad also does business at Two West 2nd Street, Suite 1205, Tulsa, Oklahoma 74103.

16. Defendant Ironclad has a yard in Karnes County.

17. Defendant Ironclad's registered agent for service of process is Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701-4411.

18. Defendant Ironclad maintains a website at https://www.ironcladwell.com.

19. Defendant James C. Donnan ("Defendant Donnan") is an officer and manager of Defendant Ironclad and at all times relevant hereto, had operational control over Defendant Ironclad.

20. At all times relevant hereto, Defendant Donnan had the power to hire and fire employees of Defendant Ironclad and supervised and set wages and wage policies for Defendant Ironclad employees.

21. Upon information and belief, Defendant Donnan is an individual and a resident of Shelby County.

22. Defendant Steven Cloy Gantt ("Defendant Gant") is an officer of Defendant Ironclad and at all times relevant hereto, had operational control over Defendant Ironclad.

23. At all times relevant hereto, Defendant Gant had the power to hire and fire employees of Defendant Ironclad and supervised and set wages and wage policies for Defendant Ironclad employees.

24. Upon information and belief, Defendant Gantt is an individual and a resident of Claiborne Parish, Louisiana.

25. Defendants conduct business in the Permian Basin, Eagle Ford Shale, Haynesville Shale, Utica Shale and Marcellus Shale.

26. Defendants are an "employer" within the meaning set forth in the FLSA, and, at all times relevant to the allegations in this Complaint, the employer of Plaintiffs and other similarly situated hourly employees.

27. Defendants Donnan and Gantt operate as employers alongside Defendant Ironclad, and each had the power to hire and fire Plaintiffs, supervised Plaintiffs' work, and determine Plaintiffs' work schedules, duties and tasks, and made decisions regarding Plaintiffs' pay, or lack thereof.

28. Defendants acted jointly as the employers of Plaintiffs and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA.

29. Defendants have operated as a single joint enterprise with unified operational control and management, as well as control over employees, including

power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified control and management.

30. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

31. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools and equipment.

32. Defendants had an annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

33. Defendants' workers routinely use trucks, gasoline, hard hats, wrenches, and other tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

### IV.     FACTUAL ALLEGATIONS

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Within the time period relevant to this case, Plaintiff worked for Defendants as a Pumpdown Supervisor.

36. Plaintiff's duties as a Pumpdown Supervisor included manual labor at oil well sites to assist in in pumping and fracking the wells and overseeing crew on rig ups and rig downs.

37. Within the time period relevant to this case, Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendants.

38. On average, Plaintiff and other similarly-situated employees worked over ninety (90) hours per week. They did not receive any overtime compensation.

39. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were misclassified as exempt and paid a salary.

40. Within the time period relevant to this case, Plaintiff and other similarly-situated employees were also paid bonuses.

41. Plaintiff and other similarly-situated employees never agreed that their salary would be sufficient to cover all hours worked.

42. In performing their services for Defendants, Plaintiff and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

43. Plaintiff and other similarly-situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery at remote locations, and not in an office.

44. During the course of their employment, Plaintiff and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

45. Plaintiff and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiff and other similarly-situated employees had no ability to hire and fire any employee.

46. Plaintiff and other similarly-situated employees did not have any control of or authority over any employee's rate of pay.

47. Plaintiff and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

48. Similarly, Plaintiff and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

49. Defendants did not pay Plaintiff and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

50. Plaintiff worked for Defendants in various places in Texas, New Mexico, and Louisiana, and Defendants' pay practices were the same at all locations.

51. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and its other Pumpdown Supervisors violated the FLSA.

52. To perform their job duties, at least two employees of Defendants routinely used hard hats, drilling equipment, pump equipment, lubricators, and various hand-tools, at least some of which had been moved in or produced for interstate commerce.

53. Throughout the time relevant to this complaint, Defendants have been an enterprise engaged in interstate commerce as defined by the FLSA.

54. Upon information and belief, Defendants knew, or showed reckless disregard for whether, its pay practices toward Plaintiff and other Pumpdown Supervisors violated the FLSA.

Page 7 of 13
*Marcus Munoz, et al. v. Ironclad Energy, LLC, et al.*
U.S.D.C. (W.D. Tex.) Case No. 5:19-cv-1251
Original Complaint—Collective Action

## V.     REPRESENTATIVE ACTION ALLEGATIONS

55.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

56.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Pumpdown Supervisors who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

57.     In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

58.     Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All Salaried Pumpdown Supervisors employed within the past three years.**

59.     This group includes, but is not necessarily limited to, salaried supervisory workers employed by Defendants. Defendants failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

60.     Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds ten (10) persons.  Defendants can readily identify the

members of the classes, who are a certain portion of the current and former employees of Defendants.

61.   The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

62.   The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

63.   Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on text messaging and email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon text messages and email as opposed to traditional U.S. Mail.

64.   The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

   A.   Defendants' uniform misclassification of them as exempt employees under the FLSA; and

   B.   Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

65.   Plaintiff alleges that Defendants failed to paid Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay as required by

the FLSA; Defendants paid Plaintiff and members of the class a salary with no overtime premium.

66. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

67. Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

## VI.   FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

68. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

70. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

71. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

72. By reason of the unlawful acts alleged herein, Defendants are liable for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

74. Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

75. Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class overtime compensation for all of the hours in excess of forty (40) in each workweek.

76. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

77. Defendants' conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marcus Munoz, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)   That Defendants be summoned to appear and answer herein;

(b)   That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

(c)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former salaried Pumpdown Supervisors;

(e)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff and members of the Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MARCUS MUNOZ, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com